IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG HOSKING** <br> 102 East Main Street <br> Silverdale, PA 18962 <br><br> **Plaintiff**, <br><br> v. <br><br> **HERITAGE PROPERTY MANAGEMENT, LLC** <br> 865 Easton Road, Suite 390 <br> Warrington, PA 18976 <br><br> **Defendant**. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Case No. _____ <br><br><br> ***JURY TRIAL DEMANDED*** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Craig Hosking ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Heritage Property Management, LLC ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff initiates this action contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating his employment because of his actual and/or perceived disability, in retaliation for requesting/requiring reasonable accommodation, and because of his association and relationship with an individual with a disability.

2. Plaintiff further contends Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* by interfering with Plaintiff's FMLA rights/benefits and by

1

terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise his rights under the FMLA.

3. Defendant's violations of the ADA, PHRA and FMLA have caused Plaintiff to suffer damages as set forth herein.

## PARTIES

4. Plaintiff Craig Hosking is a citizen of the United States and Pennsylvania, who currently resides at 102 East Main Street, Silverdale, PA 18962.

5. Upon information and belief, Defendant Heritage Property Management, LLC is a Pennsylvania company with a registered office address and principal place of business at 865 Easton Road, Suite 390, Warrington, PA 18796.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. On or about July 24, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e) and 43 P.S. § 959(a).

8. Plaintiff's EEOC Charge was docketed as EEOC No. 530-2024-07902 and was filed within one-hundred and eighty (180) days of the unlawful employment practice(s).

9. On or about December 18, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

10. One year has passed since Plaintiff filed his complaint(s) with the EEOC and PHRC (his dual-filed Charge), thereby entitling Plaintiff to bring his PHRA claims in court.

11. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

12. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

13. This action is authorized and initiated pursuant to the FMLA, ADA, and PHRA.

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

16. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL BACKGROUND

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. Plaintiff began his employment with Defendant on or about February 16, 2023 as a Lead Maintenance Technician.

19. Throughout his employment, Plaintiff performed his job well, receiving positive reviews of his performance, occasional praise, and no justifiable discipline.

20. Indeed, in or around December 2023, Defendant gave Plaintiff a good performance review and a raise.

21. In or around late January 2024, Plaintiff's father was preliminary diagnosed with esophagus cancer, and Plaintiff advised his team and supervisor, Ron Washington ("Mr. Washington"), of this unfortunate news on or about January 29, 2024.

22. On or about January 31, 2024, Plaintiff emailed Defendant's Human Resource Manager, Lisa Phy-DeBellis ("Ms. Phy-DeBellis") the following: "Could you please send me the paperwork for FMLA. My dads really sick right now and in the coming weeks is going to need my help."

23. Plaintiff received an out-of-office message from Ms. Phy-DeBellis, so he called the front office to make the same request.

24. Plaintiff spoke with Melissa Montero ("Ms. Montero"), Defendant's Assistant Property Manager, who relayed Plaintiff's message to Defendant's President, Lydia Aleixo ("Ms. Aleixo") and advised they would get the paperwork together for Plaintiff.

25. On or about February 1, 2024, Plaintiff's father was officially diagnosed with Stage 3 cancer.

26. Plaintiff was at work when he learned this news, which caused him to break down and have a panic attack.

27. Plaintiff asked Mr. Washington if he could leave work early to see a doctor for his own wellbeing and mental health.

28. At his appointment, Plaintiff's doctor determined Plaintiff was suffering from anxiety and recommended psychiatric counselling with a therapist.

29. After seeing his doctor, Plaintiff asked Mr. Washington if he could take a few more days off work because of his mental health symptoms, and Mr. Washington ostensibly approved this request.

30. The next day, on or about February 2, 2024, Plaintiff received a call from Ms. Montero, who stated Plaintiff had not been working for Defendant long enough to qualify for FMLA leave.

31. However, Plaintiff was set to become FMLA-eligible two (2) weeks later on or about February 16, 2024, and he had made a legitimate pre-eligibility request for post-eligibility FMLA leave.

32. Plaintiff returned to work on February 6, 2024.

33. However, Mr. Washington pulled Plaintiff aside and advised Plaintiff that Defendant was terminating his employment.

34. When terminating Plaintiff, Mr. Washington told Plaintiff that Defendant would not be able to work with Plaintiff given what he had coming up.

35. Mr. Washington was obviously referring to Defendant's belief that Plaintiff's need to care for his father and his own mental health may impact his attendance or work.

36. In light of the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of his association and relationship with an individual with a disability as well as because of Plaintiff's actual and/or perceived disability and/or because Plaintiff requested and required reasonable accommodation, in violation of the ADA and PHRA.

37. It is further believed and averred that Defendant failed to accommodate Plaintiff, in violation of the ADA and PHRA.

38. Additionally, it is believed and averred that Defendant violated the FMLA by terminating Plaintiff's employment to prevent and interfere with his right to take FMLA leave upon eligibility as well as in retaliation for Plaintiff seeking future FMLA leave.

39. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; Plaintiff has also suffered other economic damages, mental anguish, pain and suffering, emotional distress, humiliation, and damage to reputation and career.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## 29 U.S.C. 2601, *et seq*.
## INTERFERENCE & RETALIATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. Upon information and belief, Defendant is an employer within the meaning of the FMLA.

42. Plaintiff was to become eligible and entitled to FMLA leave beginning approximately ten (10) days after Defendant terminated his employment.

43. Shortly before his termination, Plaintiff provided adequate notice to Defendant of his need for FMLA leave "in the coming weeks", i.e., after he became eligible.

44. Defendant terminated Plaintiff in retaliation for his pre-eligibility request for post-eligibility FMLA-qualifying leave.

45. Defendant interfered with Plaintiff's FMLA rights and benefits by terminating him and preventing him from accessing FMLA leave.

46. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

47. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay in an amount to be determined at trial;

b) Liquidated damages in the maximum amount permitted;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount;

e) Such other and further relief as is just and equitable under the circumstances; and

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
### AMERICANS WITH DISABILITIES ACT ("ADA")
### 42 U.S.C. 12101, *et seq.*
### DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

48. Paragraphs 1 through 47 are hereby incorporated by reference, as though the same were fully set forth at length herein.

49. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

50. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as disabled.

51. Defendant also knew of Plaintiff's association and relationship with an individual with a disability, Plaintiff's father.

52. Plaintiff provided notice to Defendant of his need for reasonable accommodation(s) related to Plaintiff's disability.

53. Defendant violated the ADA by failing to accommodate Plaintiff and failing to engage in the interactive process.

54. Defendant violated the ADA by discriminating and retaliating against Plaintiff and terminating his employment because of his actual and/or perceived disabilities, his record of impairment/disability, his requests and need for reasonable accommodation(s), and his association and relationship with an individual with a disability.

55. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, pain and suffering, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

   a) Back wages, front pay, and compensatory damages in an amount to be determined at trial;

   b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")
### 43 P.S. § 951, *et seq.*
### DISABILITY/HANDICAP - DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

56. Paragraphs 1 through 55 are hereby incorporated by reference, as though the same were fully set forth at length herein.

57. Defendant was aware of Plaintiff's association and relationship with an individual with a disability/handicap as well as Plaintiff's disability/handicap and/or Plaintiff's record of disability/handicap.

58. Further, Defendant regarded Plaintiff as having a disability/handicap.

59. Plaintiff provided notice to Defendant of his need for reasonable accommodation(s) related to Plaintiff's disability/handicap.

60. Defendant failed to accommodate Plaintiff and failed to engage in the interactive process, in violation of the PHRA.

9

61. Defendant violated the PHRA by discriminating and retaliating against Plaintiff and terminating his employment because of his association and relationship with an individual with a disability/handicap as well as because of Plaintiff's actual and/or perceived disability/handicap, because of Plaintiff's record of disability/handicap, and/or in retaliation for Plaintiff requesting and requiring reasonable accommodation(s).

62. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, pain and suffering, emotional distress, humiliation, and damage to reputation and career.

63. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances;

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Date: January 21, 2026

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

*/s/ Jake Daniel Novelli, Esq.*

Jake Daniel Novelli, Esquire
Michael Murphy, Esquire
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Counsel for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.